Chen v. Garland

BIA
A072 474 512

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of May, two thousand twenty-one.

PRESENT:
> ROBERT A. KATZMANN,
> DENNY CHIN,
> MICHAEL H. PARK,
>     *Circuit Judges.*

_____

YI GUO CHEN,
> *Petitioner,*

v.                                                          19-2180
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Jean Wang, Esq., Flushing, NY.

FOR RESPONDENT:              Brian M. Boynton, Acting
                             Assistant Attorney General;
                             Margaret Kuehne Taylor, Senior
                             Litigation Counsel; Anthony O.
                             Pottinger, Trial Attorney, Office
                             of Immigration Litigation, United
                             States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yi Guo Chen, a native and citizen of the People's Republic of China, seeks review of a July 11, 2019 decision of the BIA denying his motion to reopen. *In re Yi Guo Chen,* No. A072 474 512 (B.I.A. July 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his second motion to reopen with the BIA, Chen argued that the agency did not have jurisdiction to commence removal proceedings and should have permitted him to apply for cancellation of removal. He argued that his notice to appear ("NTA"), which did not contain a hearing date or time, was deficient under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and thus did not vest jurisdiction with the immigration court or stop his accrual of the physical presence required for cancellation.

It is undisputed that Chen's 2018 motion to reopen was number barred because it was his second motion and untimely because it was filed more than 15 years after his 2003 exclusion order. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Chen argues that the BIA should have excused the time limit and reopened sua sponte given the intervening decision in *Pereira*.

In *Pereira*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires an NTA to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. at 2113–20, which cuts off a noncitizen's accrual of physical presence or residence for the purposes of qualifying for cancellation of removal, see 8 U.S.C. § 1229b(a), (b), (d)(1). The BIA did not err in declining either to excuse the time limitation based on *Pereira* or exercise its authority to reopen sua sponte because *Pereira* is inapplicable in Chen's case. Nor does the Supreme Court's recent decision in *Niz-Chavez v. Garland*, No. 19-863, 2021 WL 1676619 (Apr. 29, 2021), which held that the required information must be set forth in one NTA, require a different result. Although there is an NTA in the record that does not include a hearing time

3

or place, that NTA was never filed or used to commence removal proceedings. *See Arenas-Yepes v. Gonzales*, 421 F.3d 111, 116 (2d Cir. 2005) (providing that immigration proceedings commence when a charging document is filed with the immigration court and that "it has never been the case . . . that the mere issuance or service on an alien of a charging document 'commenced' immigration proceedings against the alien"). Rather, Chen was placed in exclusion proceedings by Notice to Applicant for Admission Deferred for Hearing Before an Immigration Judge (Form I-122), which included a hearing date, time, and place, and thus was sufficient to commence those proceedings. *See* 8 C.F.R. § 1240.30 ("An exclusion proceeding is commenced by the filing of Form I-122 with the Immigration Court."). Further, given that Chen was in exclusion proceedings, he is not eligible for cancellation of removal or its predecessor suspension of deportation. *See Patel v. McElroy*, 143 F.3d 56, 60-61 (2d Cir. 1998) ("[S]uspension of deportation . . . is available to aliens in deportation but not in exclusion proceedings.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and

4

stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court